UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| TRAVIS COSTA,<br>    Plaintiff<br><br>v.<br><br>SAKI, LLC & STEVEN SCHNITZER,<br>PRESIDENT & OWNER,<br>    Defendants | C.A. No. |

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. This is an action filed by Plaintiff Travis Costa to recover damages suffered due to his unlawful termination in reprisal for making a complaint about Defendants' failure to pay earned wages, including overtime wages, for work he performed.

### Parties

2. Travis Costa, Plaintiff, is a natural person who resides in Provincetown, Massachusetts for part of the year and who resides in Naples, Florida during the remainder of the year.

3. Defendant Saki, LLC is a Massachusetts corporation doing business within the Commonwealth of Massachusetts, with a principal office location at 258 Commercial Street, Provincetown, Massachusetts.

4. Defendant Steven Schnitzer is, upon information and belief, the owner and president of Defendant Saki, LLC and a resident of Provincetown, Massachusetts.

## Jurisdiction

5. This action is brought pursuant to 29 U.S.C. § 216 of the Fair Labor Standards Act (hereinafter FLSA) and M.G.L. c. 149, §150 (Massachusetts Wage and Hour Laws) for violations of 29 U.S.C. § 215(a)(3), M.G.L. c. 149, § 148A and M.G.L. c. 151, § 19. Original jurisdiction is founded upon 29 U.S.C. § 216(b) and 28 U.S.C. 1331 and the aforementioned statutory provisions. The Plaintiff further invokes the pendent jurisdiction of this Court to hear and decide Counts II and III arising under state law.

6. Plaintiff has obtained authorization from the Commonwealth of Massachusetts Office of the Attorney General to pursue this matter through a private civil lawsuit.

## Facts Common to all Counts

7. Plaintiff has worked for Defendants during the summer months as a server since July 2013.

8. During the relevant time period – on or about June 29, 2020 through July 12, 2020 – Defendant Saki was at all times a corporation engaged in commerce as defined by the Massachusetts Wage and Hour laws and the administrative regulations interpreting said laws.

9. During the relevant time period, Defendant Saki was at all times engaged in commerce as defined by the FSLA and the administrative regulations interpreting said law.

10. During the relevant time period, Defendants acted as employers of Plaintiff.

11. During the relevant time period, Defendants had the authority to exercise and, in fact, did exercise the powers ordinarily associated with an employer over Plaintiff's employment activities.

12. During the relevant time period, Defendants paid Plaintiff $4.95 per hour, the hourly rate for tipped employees. In addition, Plaintiff earned tips.

13. In prior years while employed by the Defendants, Plaintiff worked approximately 40 hours per week for Defendants, and maintained a second job at an unaffiliated restaurant.

14. In reliance upon Defendants' promise of employment for the entire summer of 2020, including overtime hours, despite the COVID-19 pandemic, Plaintiff relocated to Provincetown, Massachusetts for the summer.

15. Because of COVID-19 and its impact on the restaurant industry, Plaintiff planned to work only for Defendants this summer.

16. Beginning on or around June 29, 2020, Plaintiff began working for Defendants.

17. During the first week – June 29, 2020 through July 6, 2020 – Plaintiff worked approximately 80 hours at Defendant Saki, LLC.

18. Defendants' employees were regularly paid weekly on Thursdays for the previous week's work.

19. On Thursday, July 9, 2020, Plaintiff received his regularly scheduled check.

20. Plaintiff's check contained payment for only 43.09 hours worked, not for the approximate 80 hours he actually worked.

21. In addition, Plaintiff was paid overtime for only 3.09 hours of the approximately 40 overtime hours worked.

22. Plaintiff was not paid an hourly wage, let alone overtime, for approximately 36.91 hours.

23. Upon information and belief, all other employees who had worked more than forty (40) hours the previous week also did not receive any payment, including overtime, for those hours and historically have not received payment, including overtime, for those hours.

24. During a staff meeting the following day – Friday, July 10, 2020 – which was led by Defendant Schnitzer, Plaintiff complained to Defendant Schnitzer that he, along with his coworkers, had not received wages, including overtime payments, that they were owed.

25. Following that meeting, Defendant Schnitzer approached Plaintiff privately and informed Plaintiff that he would be receiving a check to cover the wages, including overtime, that he was owed.

26. Later that day, Plaintiff received a check for 'Retroactive Pay' in a lump sum amount of $347.42 ($425.59 less withholdings).

27. Upon information and belief, Plaintiff was the only employee who ultimately received payment for hours worked above forty (40) hours that week.

28. Upon information, Plaintiff's co-workers were not paid wages for hours worked above forty (40) hours that week, including overtime wages.

29. Upon information and belief, Defendant Saki LLC did not, for the remainder of the summer, compensate its staff for overtime hours worked.

30. Upon information and belief, Defendant Schnitzer has not, in years past, compensated his staff for overtime hours worked.

31. Two days later, on July 12, 2020, the shift schedule for the upcoming week was posted.

32. Plaintiff was not provided with any shifts for the upcoming week and was not provided with any shifts for the remainder of the summer.

33. In the seven years that Plaintiff worked for Defendants, Plaintiff had never been eliminated from the schedule.

4

34. In the seven years that Plaintiff worked for Defendants, his job performance was always satisfactory.

35. Following his termination, Plaintiff lost wages.

36. Following his termination, Plaintiff suffered emotional distress.

37. Plaintiff had relocated to Provincetown, MA for the summer, in the midst of a global pandemic, at Defendant's promise of employment for the entire summer.

38. In the midst of a public health crisis that caused many restaurants to remain closed, Plaintiff was left without employment after making a complaint about Defendant's failure to pay earned overtime wages.

39. Given the COVID-19 pandemic, comparable restaurant jobs were more difficult to obtain.

40. When Plaintiff did obtain employment, the amount of money he made was significantly less than the amount of money he would have made working at Defendant Saki, LLC.

## Count I
## Retaliation In Violation of FLSA, 29 U.S.C. 215(a)(3)
## (All Defendants)

41. Plaintiff repeats and reiterates the allegations of the preceding paragraphs 1 through 39, inclusive, and incorporates them by reference herein.

42. The Defendants had a duty to refrain from retaliating against any employee because such employee complained about Defendants' failure to pay earned wages, including hourly wages and overtime wages owed under state and federal law.

43. Notwithstanding its duty, Defendants' retaliated against Plaintiff for complaining about the Defendants' failure to pay earned wages by removing him from the schedule and

failing to provide him with any shifts for the upcoming week and moving forward, in effect terminating his employment.

44. Plaintiff has lost pay and benefits as a result of Defendants' acts and omissions as more particularly set forth above.

45. Plaintiff has suffered emotional distress caused by Defendants' acts and omissions as more particularly set forth above.

46. Pursuant to 29 U.S.C. 216(b), Plaintiff hereby demands judgment against Defendants for lost wages, liquidated damages, emotional distress damages, attorney's fees and costs.

## Count II
### Retaliation in Violation of Massachusetts Wage Act, M.G.L. c. 149, § 148A
### (All Defendants)

47. Plaintiff repeats and reiterates the allegations of the preceding paragraphs 1 through 45, inclusive, and incorporates them by reference herein.

48. The Defendants had a duty to refrain from retaliating against any employee because such employee complained about Defendants' failure to pay earned wages, including hourly wages and overtime wages, owed under state and federal law.

49. Notwithstanding its duty, Defendants retaliated against Plaintiff for complaining about the Defendants' failure to pay wages earned by removing him from the schedule and failing to provide him with any shifts for the upcoming week and moving forward, in effect terminating his employment.

50. Plaintiff has lost pay and benefits as a result of the Defendants' acts and omissions as more particularly set forth above.

51. Plaintiff has suffered emotional distress caused by the defendants' acts and omissions as more particularly set forth above.

52. Plaintiff hereby demands judgment against Defendants for lost wages, treble damages, emotional distress damages, attorney's fees and costs.

## Count III
### Retaliation in Violation of Massachusetts Overtime Law, M.G.L. c. 151, § 19
### (All Defendants)

53. Plaintiff repeats and reiterates the allegations of the preceding paragraphs 1 through 51, inclusive, and incorporates them by reference herein.

54. The Defendants had a duty to refrain from retaliating against any employee because such employee complained about Defendants' nonpayment of overtime wages, owed to Plaintiff under the FLSA.

55. Notwithstanding its duty, Defendants retaliated against Plaintiff for complaining about the Defendants' failure to pay earned wages, including overtime wages, by removing him from the work schedule and failing to provide him with any shifts for the upcoming week and any week after that.

56. Plaintiff has lost pay and benefits, including back and front pay, as a result of the Defendants' acts and omissions as more particularly set forth above;

57. Plaintiff has suffered emotional distress caused by the Defendants' acts and omissions as more particularly set forth above.

58. Plaintiff hereby demands judgment against Defendants for lost wages, treble damages as liquidated damages, emotional distress damages, attorney's fees and costs.

WHEREFORE, Travis Costa, the Plaintiff, respectfully requests that the court enter judgment against the defendants and award him the following relief:

a. all lost wages and benefits, including back and front pay;

b. damages in an amount to be determined to compensate Plaintiff for his emotional distress;

c. treble damages for violations of M.G.L. c. 149 § 148A and/or M.G.L. c. 151 § 19;

d. liquidated damages for violations of 29 U.S.C. § 215(a)(3);

e. attorney's fees and costs of litigation; and

f. pre- and post-judgment interest;

g. Any other or further relief as the Court may deem just and proper.

## JURY DEMAND

The Plaintiff demands trial by jury on all claims so triable.

> Travis Costa,
> By his attorneys,
>
> /s/ Kathleen F. Brekka
> Jeffrey M. Sankey, BBO No. 551062
> Kathleen F. Brekka BBO No. 696200
> Sankey Law Offices, P.C.
> 25 Braintree Hill Park, Suite 200
> Braintree, MA 02184
> (781) 930-3127
> (781) 394-6123 (FAX)
> jsankey@sankeylaw.com
> kbrekka@sankeylaw.com

Dated: January 28, 2021